# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **WANDA GAYLE MILLER,** | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 7:06-cv-88 (HL) |
| **HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,** | : | |
| Defendant. | : | |

## ORDER

Before the Court is a Motion to Dismiss (Doc. 2) filed by Defendant Hartford Life and Accident Insurance Company ("Hartford"). For the reasons set forth below, the Motion to Dismiss (Doc. 2) is granted.

### I.  FACTS AND PROCEDURAL HISTORY

Plaintiff Wanda Gayle Miller ("Miller") has brought the present suit pursuant to the Employee Retirement Income Security Act (ERISA) and various state laws in an attempt to recover disability benefits she asserts Hartford owes her. While an employee of the South Georgia Medical Center, Miller was insured under a disability insurance income policy (the "Policy") issued by Hartford. (Doc. 1 at 1, ¶ 1.) After Miller sustained an illness, Hartford paid her long-term disability ("LTD") benefits from November 14, 1998 through April 30, 2004. (Id. at 5, ¶ 15.) However, Hartford refused to pay any further benefits after April 30,

1

2004, due to its determination that Miller no longer met the Policy definition of disability. (Id.) As a result of this termination, Miller launched an unsuccessful administrative appeal, and she now alleges that she has exhausted all administrative remedies available to her under the terms of the LTD Benefits Plan. (Id. at 6, ¶ 16-17.) Miller has filed an eight-count Complaint (id.), and Hartford filed a Motion to Dismiss (Doc. 2). Hartford's Motion has been fully briefed. This matter is now ripe for adjudication.

## II. ANALYSIS

### A. Motion to Dismiss: Standard

A motion to dismiss a plaintiff's complaint, or a portion thereof, under Federal Rule of Civil Procedure 12(b)(6), should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Furthermore, "[a]t the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1274 n.1 (11th Cir. 1999). Finally, the "threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is . . . exceedingly low." Ancata v. Prison Health Servs. Inc., 769 F.2d 700, 703 (11th Cir. 1985) (quotation and citation omitted).

### B. Motion to Dismiss: Application

#### 1. Counts Two and Three: Breach of Fiduciary Duty Under 29 U.S.C. §§ 1104(a) and 1132(a)(2)

In her Complaint, Miller's Counts Two and Three both allege a breach of fiduciary duty on the part of Hartford. The title of Count Two states that the claim is brought under "29 U.S.C. §§ 1104(a)(i)(D) and 1132(a)(2)"; the title of Count Three mentions "29 U.S.C. §§ 1104(a)(i)(A) and 1132(a)(2)."[1] In its Motion to Dismiss, Hartford argues that claims may only be brought under § 1132(a)(2) in a representative capacity and that no individual relief is permitted. Rather than challenge this assertion, Miller contends that she actually intended to bring her claims pursuant to § 1132(a)(3), not § 1132(a)(2), and that since the relief requested in both Counts Two and Three is the same, these counts should be combined. Hartford's Reply challenges Miller's ability to amend her Complaint by a brief in opposition to a motion to dismiss or, in the alternative, argues that because Miller's claim in Count One under § 1132(a)(1)(B) sufficiently addressed the harms of which she complains in Counts Two and Three,[2] then relief is not available to her under § 1132(a)(3).

### a.  29 U.S.C. § 1132(a)(3)

The Supreme Court of the United States has explained that the purpose of § 1132(a)(3) was to "act as a safety net, offering appropriate equitable relief for injuries caused by [ERISA] violations that § 502[3] does not elsewhere adequately remedy." Varity

---

[1] Actually, the title of Count Three is "Breach of Fiduciary Duty under §§ 1104(a)(i)(A) and 51132(a)(2)." However, it is apparent from the briefs of both parties that the "5" in the latter number is a scrivener's error, and it shall be ignored by the Court.

[2] Hartford has not challenged Count One of Miller's Complaint, which is a claim for benefits due under § 1132(a)(1)(B).

[3] When Congress enacted ERISA, the relevant section of the Act was § 502. That section was later codified in the United States Code at 29 U.S.C.A. § 1132.

3

Corp. v. Howe, 516 U.S. 512, 513 (1996). The Eleventh Circuit has clearly and consistently interpreted Varity to mean that "an ERISA plaintiff with an 'adequate remedy' under Section 502(a)(1)(B) [may] not alternatively plead and proceed under Section 502(a)(3)." Jones v. Am. Gen. Life & Acc. Ins. Co., 370 F.3d 1065, 1072-73 (11th Cir. 2004); see also Katz v. Comprehensive Plan of Group Ins., 197 F.3d 1084, 1088-89 (11th Cir. 1999) (upholding a district court's dismissal of an ERISA plaintiff's § 1132(a)(3) claim because she had an adequate remedy under § 1132(a)(1)(B)). However, it is the district court's role, not the plaintiff's, to determine whether an ERISA provision other than § 1132(a)(3), such as § 1132(a)(1)(B), provides a remedy for a plaintiff's alleged injury. In other words,

> [T]he relevant concern in *Varity*, in considering whether the plaintiffs had stated a claim under Section 502(a)(3), was whether the plaintiffs also had a cause of action, based on the same allegations, under Section 502(a)(1)(B) or ERISA's other more specific remedial provisions. . . . The relief that the plaintiffs sought in their complaint was not relevant to this inquiry. . . . Thus, for purposes of establishing whether the [plaintiffs] had stated a claim under Section 502(a)(3), the district court should have considered whether the allegations supporting the Section 502(a)(3) claim were also sufficient to state a cause of action under Section 502(a)(1)(B), regardless of the relief sought, and irrespective of the [plaintiffs'] allegations supporting their other claims.

Jones, 370 F.3d at 1073-74.

Here, Miller's allegations in support of her claim for breach of fiduciary duty under § 1132(a)(3) are also sufficient to state a cause of action under § 1132(a)(1)(B).[4] In essence,

---

[4] Whether or not Miller's § 1132(a)(1)(B) claim is eventually successful is irrelevant to whether she should also be allowed to maintain a § 1132(a)(3) claim. The Eleventh Circuit has held that the dismissal of a plaintiff's § 1132(a)(1)(B) claim on summary judgment does not permit a claim under § 1132(a)(3), because "the availability of an adequate remedy under the law for *Varity* purposes, does not mean, nor does it guarantee, an adjudication in one's favor." Katz, 197 F.3d at 1089.

4

Miller has claimed that Hartford wrongfully denied her LTD benefits to which she is entitled, and this allegation is sufficient to state a claim under § 1132(a)(1)(B). Accordingly, because Miller may assert her claim under § 1132(a)(1)(B), she cannot assert a claim under § 1132(a)(3).[5] Counts Two and Three are dismissed.

### b. 29 U.S.C. § 1132(a)(2)

Additionally, the Court notes that although Miller originally sued Hartford, in part, under § 1132(a)(2), she abandoned this claim when she noted that "§ 1132(a)(2) should read § 1132(a)(3)" (Doc. 10 at 6-7) and failed to refute Hartford's contention that individualized relief is impermissible under § 1132(a)(2). Accordingly, any claim of Miller's under § 1132(a)(2) is dismissed.

### 2. Count Four: Mandatory Injunction Under 29 U.S.C. § 1132(a)(3)

As discussed in the previous section, the Eleventh Circuit has established that when a cause of action exists under § 1132(a)(1)(B), a plaintiff cannot assert a claim under § 1132(a)(3). Nonetheless, Miller specifically seeks to bring a claim under § 1132(a)(3) in Count Four of her Complaint so that she might secure an injunction to prevent "further wrongful withholding of her disability benefits by Defendant." Our sister court, when recently faced with a plaintiff making a similar argument, responded that

> *Varity* does not hold that Plaintiff is entitled under ERISA to choose the relief she prefers. Plaintiff argues that an award of benefits under § 1132(a)(1)(B)

---

[5] Because the Court concludes that Miller may not assert a claim under § 1132(a)(3) at all, it need not decide whether she would have been allowed to amend her Complaint by a brief in opposition to a motion to dismiss.

5

does not enable the full relief she seeks-an injunction . . . . ERISA, however, does not allow Plaintiff to opt out of the remedies that may be available under § 1132(a)(1)(B) in favor of relief under § 1132(a)(3), simply because she believes relief under the latter section is the superior or more complete remedy. Plaintiff does not seriously argue that § 1132(a)(1)(B) does not provide a remedy, and she does not cite to any binding authority which holds a plaintiff can assert a claim under § 1132(a)(3) when she clearly alleges a claim for benefits under § 1132(a)(1)(B). Plaintiff's alleged injury, despite how she characterizes it, is one for disability benefits under § 1132(a)(1)(B).

Nolte v. BellSouth Corp., No. 1:06-cv-762-WSD, 2007 WL 120842, at *6 (N.D. Ga. Jan. 11, 2007).

The Court agrees in full with this analysis and conclusion. Because a cause of action exists under § 1132(a)(1)(B), Miller cannot assert a claim under § 1132(a)(3), even though she might prefer to do so. Miller's Count Four is dismissed.

### 3. State-Law Claims

Miller's Complaint sets forth four state-law claims: breach of contract (Count Five), bad faith denial of a disability insurance claim (Count Six), punitive damages (Count Seven), and declaratory relief (Count Eight). Upon agreement of the parties,[6] Count Seven is dismissed by the Court. The Court will now address the propriety of the remaining three claims.

The Supreme Court has held that "[t]he purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans. To this end, ERISA includes expansive

---

[6] Although Miller originally sought an award of punitive damages (Doc. 1 at 14, ¶¶ 52-54), she agreed to dismiss that claim in her Response to Hartford's Motion to Dismiss (Doc. 10 at 2, ¶ 4).

pre-emption provisions . . . which are intended to ensure that employee benefit plan regulation would be exclusively a federal concern." Aetna Health Inc. v. Davila, 542 U.S. 200, 208 (2004) (citation and quotation omitted). One such provision added by Congress is an express "defensive" preemption clause that provides an affirmative defense to certain state-law claims so long as they "*relate to* any [ERISA] plan." 29 U.S.C. § 1144(a) (emphasis added).[7] In this case, therefore, the defensive preemption clause bars Miller's claims if they "relate to" any ERISA plan.

The Supreme Court has further held that "[t]he phrase 'relate to' was given its broad common-sense meaning, such that a state law 'relate[s] to' a benefit plan 'in the normal sense of the phrase, if it has a connection with or reference to such a plan.'" Metro. Life Ins. Co. v. Mass., 471 U.S. 724, 739 (1985), quoting Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 98 (1983). Thus, "[s]tate law 'relates to' an ERISA plan if it has a connection with or reference to such a plan. However, some state law may affect an ERISA plan in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan." Lordmann Enter., Inc. v. Equicor, Inc., 32 F.3d 1529, 1533 (11th Cir. 1994) (citations and quotations omitted). There are, of course, exceptions to the defensive preemption clause, such as laws which regulate insurance under § 1144(b)(2)(A). However, "[i]t is well established . . . that a state law must be 'specifically directed toward' the insurance industry in order to fall under

---

[7] In contrast to "defensive" preemption, "complete" preemption is the doctrine that recognizes the ability of Congress to "preempt an area of law so completely that any complaint raising claims in that area is necessarily federal in character and therefore necessarily presents a basis for federal court jurisdiction." Kemp v. Int'l Bus. Mach. Corp., 109 F.3d 708, 712 (11th Cir. 1997). Complete preemption is not at issue in this case.

7

ERISA's saving clause; laws of general application that have some bearing on insurers do not qualify." Ky. Ass'n of Health Plans, Inc. v. Miller, 538 U.S. 329, 334 (2003).

The state-law causes of action raised in Miller's Complaint, each based on an allegedly improper processing of a claim for benefits under an employee benefit plan, meet the criteria for preemption under § 1144(a). See Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 47-48 (1987) (finding state-law bad faith, breach of contract and fraud claims are all preempted under § 1144(a)). Therefore, unless these causes of action fall under an exception to § 1144(a), they are expressly preempted.

### a. Count Five: Breach of Contract

Miller's Count Five is a classic state law breach of contract claim. In essence, Miller claims in Count Five that Hartford has failed to meet its obligations under the Policy, and that she is entitled to certain payments. This is the identical claim that underlies Count One, which is brought pursuant to § 1132(a)(1)(B). Miller has failed to make any argument that this state-law claim falls under any exception from preemption. Accordingly, Count Five is dismissed.

### b. Count Six: Bad Faith

Miller argues that O.C.G.A. § 33-4-6, the law that underpins her bad faith denial of a disability insurance claim, was specifically directed toward the insurance industry, and therefore, the claim should be exempted from defensive preemption. However, Miller's state-law claim is not entirely independent of her ERISA plan—indeed, that plan is an essential part of her theory of relief. See, e.g., Karp v. Guardian Life Ins. Co. of America,

8

456 F. Supp. 2d 1375, 1385-86 (S.D. Ga. 2006) (finding a plaintiff's state law claim under O.C.G.A. § 33-4-6 was preempted by ERISA), aff'd, 199 Fed. Appx. 870 (11th Cir. 2006). Miller's argument is flawed and must be rejected. Count Six is dismissed.

  c. **Count Eight: Declaratory Relief**

Miller's Count Eight seeks declaratory relief. However, this Count relates directly to the Policy and whether Hartford's denial of benefits was proper. To the extent that Miller merely seeks a declaration from the Court regarding her rights to future benefits pursuant to ERISA, she is already pursuing that relief through Count One of her Complaint. However, to the extent that Miller seeks declaratory relief to clarify her rights under her state-law claims for breach of contract and bad faith denial of a disability insurance claim, ERISA preempts this effort. Miller's Count Eight is therefore dismissed.[8]

  4. **Demand for a Jury Trial**

Hartford moved to strike Miller's demand for a jury trial (Doc. 2 at 3, ¶ 7), arguing that there is no right to a jury trial in the Eleventh Circuit where a claim arises under ERISA. Miller refuses to acknowledge this binding precedent, responding that she is entitled to a jury trial pursuant to the Seventh Amendment. Hartford is correct. The Eleventh Circuit has held, in no uncertain terms, that "[f]or purposes of Seventh Amendment analysis, ERISA has been interpreted as an equitable statute. Accordingly, no Seventh Amendment right to

---

[8] The Court notes that although Miller's Count Eight is dismissed, she might still obtain the relief sought therein, should she prevail on Count One. Needless to say, the Court expresses no opinion on the validity of Count One specifically or Miller's Complaint in general.

a jury trial exists in actions brought pursuant to ERISA." Stewart v. KHD Deutz of Am. Corp., 75 F.3d 1522, 1527 (11th Cir. 1996) (citations omitted). Miller's demand for a jury trial is stricken.

## III. CONCLUSION

For the foregoing reasons, Hartford's Motion to Dismiss (Doc. 2) is granted. Counts Two through Eight of Miller's Complaint are dismissed. Count One, however, survives, as necessarily then does her case.

In accordance with the Court's previous Order of December 13, 2006 (Doc. 20), the parties shall have thirty (30) days from today's date to resolve and/or settle Miller's case. If the parties are unable to resolve and/or settle the case within the prescribed thirty (30) days, they are directed to meet, either in person or by telephone, within ten (10) days from the expiration of the thirty (30) day settlement window. At that meeting, they should determine whether they can reconcile the disagreements explicit in their Proposed Scheduling and Discovery Order.[9] If the parties can reach such an agreement, they should memorialize it in writing and file it with the Court and resubmit an updated Proposed Scheduling and Discovery Order for adoption by the Court. If the parties are unable to agree on these matters, they are directed to brief their respective positions and proposed solutions and submit these documents within thirty (30) days from the expiration of the thirty (30) day

---

[9] As specified in the November 29, 2006, telephone conference, the parties shall discuss potential shared positions regarding the following sections of their Proposed Scheduling and Discovery Order: "Witnesses to be Deposed" (Proposed Scheduling and Discovery Order of November 13, 2006 at 5, Section IV(B)), "Expert Witnesses" (id. at 6, Section IV(C)) and "Discovery Limitations or Need for Protective Order" (id. at 7, Section IV(D)).

settlement window.

**SO ORDERED**, this the 1st day of May, 2007.

*s/ Hugh Lawson*
**HUGH LAWSON, JUDGE**

pdl